[Civ. No. 26520. Fourth Dist., Div. One. Mar. 18, 1983.]

JOSEPH SCHLUSSEL et al., Plaintiffs and Appellants, v.
FLORENCE SCHLUSSEL, Defendant and Respondent.

COUNSEL

Popko, Cornblum & McLean and Bruce Cornblum for Plaintiffs and Appellants.

Howard Kueker for Defendant and Respondent.

OPINION

**COLOGNE, J.**—Joseph Schlussel and Bobbette Schlussel brought this action against Florence Schlussel seeking damages for intentional infliction of emotional distress for numerous obscene and threatening telephone calls Florence allegedly made to them. The defendant, a resident of New York, moved to quash service contending California lacked jurisdiction. The motion was granted and Joseph and Bobbette appeal.

Plaintiffs filed a verified complaint alleging they are residents of the State of California and, between February 10 and 21, 1981, Florence placed 13 telephone calls from Florida to Bobbette in California, making obscene and threatening statements to her concerning Bobbette and her husband. During that same period, Florence placed six calls from Florida to Joseph in California, also making obscene and threatening statements. It was alleged the purpose of these calls was to disturb the peace, quiet, privacy and dignity of the plaintiffs and it did in fact have that effect. The plaintiffs further alleged as a result of the calls they suffered humiliation, mental anguish, emotional and physical distress resulting in their injury.

Florence filed the motion to quash and included a declaration stating she was a resident of New York, at the time of the alleged calls Joseph was in Florida, she denied making the telephone calls, she has no assets in California and she divorced Joseph in 1972. Relying on *Inselberg* v. *Inselberg* (1976) 56 Cal. App.3d 484 [128 Cal.Rptr. 578], she contends there is an insufficient basis for California to assume jurisdiction. Joseph filed counterdeclarations asserting he was in Rancho Santa Fe, California, when he received the calls, he positively identified her voice from their many years of marriage, and he recounted Florence said she understood the calls were criminal in nature but did not care. Joseph also stated he and his wife together with their treating physician would have to go to New York if they were required to try the case there, and it is for the convenience of the witnesses that trial be had in California.

The sole issue is whether the court properly quashed the summons for lack of jurisdiction.

Code of Civil Procedure[1] section 410.10 states: "A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." The comment of the Judicial Council (see "Bases of Judicial Jurisdiction," 14 West's Ann. Cal. Code Civ. Proc., § 410.10, pp. 472-474) states that jurisdiction can be acquired over individuals where the act complained of causes an effect in the state. "A state has power to exercise

---

[1]All statutory references are to the Code of Civil Procedure unless otherwise specified.

judicial jurisdiction over an individual who causes effects in the state by an omission or act done elsewhere with respect to causes of action arising from these effects, unless the nature of the effects and of the individual's relationship to the state make the exercise of such jurisdiction unreasonable. [Citations.]'' (*Id.* at p. 472; see also Rest.2d Conf. of Laws, § 37.) The discussion of this concept was further amplified by comment (a) to section 37 of the Restatement Second of Conflict of Laws in this way: "The act may have been done with the intention of causing effects in the state. If so, the state may exercise the same judicial jurisdiction over the actor, or over the one who caused the act to be done, as to causes of action arising from these effects as it could have exercised if these effects had resulted from an act done within its territory. . . . [T]he doing of the act outside the state with the intention of causing effects in the state will give the state judicial jurisdiction over the actor, or the one who caused the act to be done, as to causes of action arising from these effects. So one who intentionally shoots a bullet into a state is as subject to the judicial jurisdiction of the state as to causes of action arising from the effects of the shot as if he had actually fired the bullet in the state." ▄ Thus, the rule we apply is that where the effect giving rise to the tort is intentionally caused, jurisdiction is justified unless the nature of the effects and of the individual's relationship to the state make the exercise of such jurisdiction unreasonable (see *Hanson* v. *Denckla* (1958) 357 U.S. 235 [2 L.Ed.2d 1283, 78 S.Ct. 1228]; *McGee* v. *International Life Ins. Co.* (1957) 355 U.S. 220 [2 L.Ed.2d 223, 78 S.Ct. 199]).

In *Hanson* v. *Denckla, supra,* the court said (at p. 253 [2 L.Ed.2d at p. 1298]): "The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum state. The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, *thus invoking the benefits and protections of its laws.*" (Italics added.)

In *Quattrone* v. *Superior Court* (1975) 44 Cal.App.3d 296, at page 306 [118 Cal.Rptr. 548], the court said: "From *McGee* and *Hanson* we conclude that it is reasonable to exercise jurisdiction on the basis of the defendant intentionally causing 'effects in the state by an omission or act done elsewhere' whenever (a) the effects are of a nature 'that the State treats as exceptional and subjects to special regulation,' or (b) the defendant has, in connection with his causing such effects in the forum state, invoked 'the benefits and protections of its laws.'"

▄ Before applying this standard, we should note California has a stated interest in protecting its citizens from annoying and obscene telephone calls. Penal Code section 653m, subdivisions (a), (b) and (c), provides as follows: "(a) Every person who with intent to annoy telephones another and addresses to

or about such other person any obscene language or addresses to such other person any threat to inflict injury to the person or property of the person addressed or any member of his family, is guilty of a misdemeanor.

"(b) Every person who makes a telephone call with intent to annoy another and without disclosing his true identity to the person answering the telephone is, whether or not conversation ensues from making the telephone call, guilty of a misdemeanor.

"(c) Any offense committed by use of a telephone as herein set out may be deemed to have been committed at either the place at which the telephone call or calls were made or at the place where the telephone call or calls were received."

Thus, the Legislature has accorded California citizens protection from these acts with criminal sanctions and, where the crime is instituted outside the state but the results of the acts are intended or can reasonably be expected to have effects within the state, our courts possess jurisdiction to provide relief. Since from the declarations the defendant placed the calls, she was well aware of the fact a California resident would be affected. In this respect, we view the placing of a criminal telephone call to California as being no different than shooting a gun into the state. As noted in the judicial comment, this provides the state with jurisdiction.

In accord is *Abbott Power Corp.* v. *Overhead Electric Co.* (1976) 60 Cal. App.3d 272 [131 Cal.Rptr. 508], where the conduct of the New Mexico consultant consisted of sending three letters to California urging another entity to breach its contract with the California plaintiff. The tort alleged to have been committed in California was intentionally inducing a breach of contract. The court held the act of sending the letters had sufficient effect on California citizens to provide this state with jurisdiction. In *Quattrone* v. *Superior Court, supra,* 44 Cal.App.3d 296, the court held falsification of financial records in Pennsylvania, knowing the California Corporations Commissioner and California stockholders would rely on the information for purposes of a stock issue pursuant to special regulation of the state, gives California jurisdiction.

*Inselberg* v. *Inselberg, supra,* 56 Cal.App.3d 484, relied on by Florence, holds telephone calls to a California resident otherwise legally enticing a daughter to leave her father do not alone provide a basis for jurisdiction. In that case, the court points properly to the features which distinguish it from the case at hand: "It may be reasonable for a forum state to exercise jurisdiction over a nonresident who intentionally causes effects in the forum state by acts done elsewhere. [Fn. omitted.] The effects, however, must be of a nature that the forum state treats as exceptional and subjects to special regulation, or the nonresident must have invoked the benefits and protections of the forum's laws

in causing the effects in the forum state. [Citations.] We agree with the trial court's conclusion that the telephone calls here satisfy neither of these qualifications for jurisdiction. California imposes no special regulation in this field, and in no way have Edgar and Rachel invoked the benefits and protections of California law." (*Inselberg, supra,* at pp. 490-491.) Here, we have a special regulation, namely, a criminal statute, which protects its citizens from this type of harassment. The criminal nature of these telephone calls makes this an exceptional case.

■ The motion to quash was, by the declarations, based on a lack of jurisdiction by reason of the fact Florence was a nonresident. The points and authorities suggest the forum is not convenient and raise the propriety of quashing service based on section 410.30.[2] We have uncontroverted declarations both Joseph and Bobbette, residents of California, intend to testify and will use their medical experts who reside in California. Florence makes only this declaration relevant to this argument: "Both my son, Steven Schlussel, and my son-in-law, Barry Bangel, have personally advised the plaintiff, Joseph Schlussel, that I did not make the telephone calls complained of, and informed him who did make the calls and could show him the direct dial telephone bills from a New York State telephone for all of the calls in question made during the time the Plaintiffs correctly alleged in their Complaint that I was in Florida."

Advising the plaintiffs Steven Schlussel and Barry Bangel have some personal knowledge as to who made the calls does not mean they would be called as witnesses or would be willing or able to present credible evidence as to who made the calls. In addition, the declaration does not state where they reside or the fact it would be inconvenient for them to appear in court in California.

Thus, there is no evidence in the record before us to support the court's conclusion the forum is inconvenient satisfying the provisions of section 410.30.

The order quashing service of summons on Florence Schlussel is reversed.

Brown (Gerald), P. J., and Work, J., concurred.

---

[2]Section 410.30 reads, in part: "(a) When a court upon motion of a party or its own motion finds that in the interest of substantial justice an action should be heard in a forum outside this state, the court shall stay or dismiss the action in whole or in part on any conditions that may be just."