[Civ. No. 31336. Fourth Dist., Div. One. Dec. 15, 1983.]

JOHN HEILIG, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
EDISON W. MILLER, Real Party in Interest.

[Civ. No. 31350. Fourth Dist., Div. One. Dec. 15, 1983.]

THOMAS E. COLLINS III et al., Petitioners, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
EDISON W. MILLER, Real Party in Interest.

**COUNSEL**

Parker, Stanbury, McGee, Babcock & Combs and Robert A. Walker for Petitioners.

No appearance for Respondent.

Richard V. McMillan for Real Party in Interest.

**OPINION**

**BUTLER, J.**—Petitioners in these consolidated proceedings for writs of mandate are former prisoners of war (POW and POW's) captive for periods of a few months to eight years in North Vietnamese prisons. Edison W. Miller, real party in interest, also a POW, was appointed to fill a vacancy on the Board of Supervisors of Orange County, Third District, and at relevant times here was seeking election to that office. The petitioners, all of whom are nonresidents of California, with other POW defendants, signed a letter sent to Third District voters urging Miller's defeat on the grounds he cooperated with the North Vietnamese to the detriment of other POW's by writing articles for the enemy and broadcasting a message over Radio Hanoi supporting North Vietnam. The letter also charged Miller violated his oath

as an officer, disobeyed lawful orders of his superiors and lacked dedication to duty or a sense of service necessary for qualification to a public office.

Miller was defeated by Bruce Nestande and sued the signers of the letter and others alleging damages, negligence, intentional infliction of emotional distress and defamation. The petitioner POW's were served out-of-state and the court denied their motions to quash service. These writ proceedings ensued. We stayed proceedings in one case pending hearing. We now deny the writs and vacate the stay.

I

We do not address the merits of Miller's complaint. We do not adjudicate the charges made against Miller by the POW's. Those issues await further proceedings in the trial court. At this stage, we simply decide the California court can proceed with the lawsuit.

II

Two proceedings are before us. John Heilig, a POW defendant, is the petitioner in case 4 Civ. No. 31336 filed in division three of this district. After that division denied his writ and application for a stay, the Supreme Court granted a hearing, ordered issuance of an alternative writ and retransferred to division three. The case was then transferred to us. Thomas Collins III and 27 other POW's are the petitioners in case 4 Civ. No. 31350 initially filed in division three and then transferred to this division. As the petitions present identical issues, we consolidate them for disposition.

III

None of the POW's were residents of California when they signed the letter. All of them were residing in states other than California. Each of them visited California at various times. Some of them lived in California for one or more years while serving in the armed forces; others were in California on brief duty assignments. All of them signed the letter in states other than California. Some made phone calls to and received phone calls from California about the letter; others did not. All of them obtained information about Miller as reflected in the letter while captives of the North Vietnamese forces.

IV

A copy of the letter (without all of the signature pages) is attached. The letterhead is "POW-American Prisoners of War-American Former POW's

Against Edison Miller-17671 Fitch, Irvine, Ca 92715." The letter is addressed to "Dear Fellow Americans." It was mailed to more than 100,000 registered voters in the Third District. The letter is crystal clear in meaning. The signers urge California voters to reject Miller. The letter, wherever signed, was intended to be and was mailed in California to California voters to defeat a California candidate for a California public office. The letter had the desired effect. Miller was defeated.[1]

V

As noted, we do not address the merits of Miller's complaint which pleads tortious conduct in negligence, infliction of emotional distress and defamation. We inquire whether California may exercise jurisdiction over the nonresident POW letter signers. Under Code of Civil Procedure section 410.10, a California court may exercise jurisdiction over nonresidents on any basis not inconsistent with the United States or California Constitutions. ■ Code of Civil Procedure section 410.10 manifests an intent to exercise the broadest possible jurisdiction, limited only by constitutional considerations. (*Buckeye Boiler Co.* v. *Superior Court* (1969) 71 Cal.2d 893 [80 Cal.Rptr. 113, 458 P.2d 57].) As a general constitutional principle, a court may exercise personal jurisdiction over a nonresident individual so long as he has minimal contacts with the state such that ". . . the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" (*Internat. Shoe Co.* v. *Washington* (1945) 326 U.S. 310, 316-317 [90 L.Ed. 95, 102, 66 S.Ct. 154, 161 A.L.R. 1057]; *Cornelison* v. *Chaney* (1976) 16 Cal.3d 143, 147 [127 Cal.Rptr. 352, 545 P.2d 264].)

■ Extensive or wide-ranging activities of a nonresident defendant, or substantial, continuous and systematic activities warrant jurisdiction over a nonresident defendant for all causes of action. (*Buckeye Boiler Co.* v. *Superior Court, supra,* 71 Cal.2d 893, 898-899; *Perkins* v. *Benguet Mining Co.* (1952) 342 U.S. 437, 447-448 [96 L.Ed. 485, 493-494, 72 S.Ct. 413].) Absent such pervasive activities, jurisdiction depends upon the quality and nature of the nonresidents' activity in the forum in relation to the particular cause of action. "In such a situation, the cause of action must arise out of an act done or transaction consummated in the forum, or defendant must perform some other act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws. Thus, as the relationship of the defendant with the state seeking to exercise jurisdiction over him grows more tenuous, the scope of jurisdiction also retracts, and fairness is assured by limiting the circumstances under which the plaintiff can compel him to appear and de-

---

[1] We judicially notice the election results.

fend. [Fn. omitted.] The crucial inquiry concerns the character of defendant's activity in the forum, whether the cause of action arises out of or has a substantial connection with that activity, and upon the balancing of the convenience of the parties and the interests of the state in assuming jurisdiction." (*Cornelison* v. *Chaney, supra,* 16 Cal.3d 143, 148.) █ One of the recognized bases for jurisdiction in California arises when the defendant has caused an "effect" in the state by an act or omission which occurs elsewhere. "This ground for assertion of jurisdiction is discussed by the Judicial Council in its comment to section 410.10 of the Code of Civil Procedure reprinted in West's Annotated California Codes, page 472, in the following language: 'A state has power to exercise judicial jurisdiction over an individual who causes effects in the state by an omission or act done elsewhere with respect to causes of action arising from these effects, *unless the nature of the effects and of the individual's relationship to the state make the exercise of such jurisdiction unreasonable.* [Citations.] When jurisdiction over an individual is based solely upon such act or omission, only a claim for relief arising from such act or omission may be asserted against the individual. [Citation.]'" (Original italics.) (*Sibley* v. *Superior Court* (1976) 16 Cal.3d 442, 446 [128 Cal.Rptr. 34, 546 P.2d 322].) *Sibley* was an action for a breach of contract, and the court held the exercise of jurisdiction unreasonable because the defendant did not purposefully avail himself of the privilege of conducting business in California or of the benefits and protections of California laws. Further, the defendant did not anticipate any economic benefit as a result of California dealings, and no aspects of the transaction were subject to California regulation.

█ Here, Miller's complaint charges the POW defendants engaged in tortious conduct against him, a California resident. That conduct is the signing by the various POW defendants of the letter in states other than California, knowing the letter would be mailed in California to California residents and voters. In *Abbott Power Corp.* v. *Overhead Electric Co.* (1976) 60 Cal.App.3d 272 [131 Cal.Rptr. 508], the sending of three letters into California from a sister state, the effect of which was to cause an intentional interference of the contractual relationship, was held to be the doing of a significant act in California by reason of the effect of the receipt of the letters here. █ *Abbott Power* enumerates the factors to be considered in determining whether it is fair to exercise jurisdiction over a defendant who resides in another state. These include the relative availability of evidence and the burden of defense and prosecution in one place rather than another, the interest of a state in providing a forum for its residents, the ease of access to an alternative forum, the avoidance of a multiplicity of suits and conflicting adjudications and the extent to which the cause of action arose out of defendant's local activities.

■ Here, the publisher of the letter, American POW's Against Edison Miller, shows an address in Irvine, California, from which the letter was mailed in Orange County to Orange County voters in the Third District. The letter itself is evidence of the claimed defamation. Miller, his physicians, family, and associates will doubtless be witnesses as to infliction of emotional distress. Evidence bearing on the negligence cause of action would come in part from California sources. The many defendants suggest a multiplicity of actions and conflicting adjudications should California not be the forum. Clearly, Miller's claimed damages arise out of the mailing of the letter and its receipt by voters in Orange County. *Abbott Power* distinguished *Sibley,* pointing out the breach of contract cause of action there required forum-based activities on the part of defendant such as to invoke the benefits and protections of the laws of the forum or activity as a result of which the defendant could anticipate economic benefit. "There is no reason to require any special circumstances where, as here, the conduct charged is an intentional and malicious tort against a forum-based corporation. [Fn. omitted.] The fundamental question is whether the exercise of jurisdiction is fair and reasonable. It is just as reasonable and fair, maybe more so, to subject a defendant to the jurisdiction of a state when it engages in conduct which is purposefully intended to harm a resident of that state as it is to subject a defendant to the jurisdiction of a state when that defendant has sought or anticipated economic benefit in that state from its out-of-state activities." (*Abbott Power Corp.* v. *Overhead Electric Co., supra,* 60 Cal.App.3d at pp. 281-282.)

In *Schlussel* v. *Schlussel* (1983) 141 Cal.App.3d 194 [190 Cal.Rptr. 95], the making of obscene and threatening telephone calls by a nonresident to persons resident in California resulting in a claim for damages for emotional distress invoked the jurisdiction of the California court. "Thus, the rule we apply is that where the effect giving rise to the tort is intentionally caused, jurisdiction is justified unless the nature of the effects and of the individual's relationship to the state make the exercise of such jurisdiction unreasonable [citations]." (*Id.,* at p. 197.) We there pointed out the making of anonymous obscene telephone calls is a misdemeanor under Penal Code section 653m and concluded the placing of a criminal telephone call invokes the jurisdiction of the California court as calls of that nature are deemed exceptional and subject to special regulation. (*Quattrone* v. *Superior Court* (1975) 44 Cal.App.3d 296 [118 Cal.Rptr. 548].)

## VI

We conclude the nonresident POW defendants, petitioners here, signed the letter knowing the letter would be mailed from Orange County to Orange County voters resident in the Third District for the express purpose of caus-

ing them to reject Miller's candidacy. This out-of-state act resulted in conduct in California tortious in nature. Considering all of the circumstances, we conclude it is fair and reasonable to subject the POW defendants to the jurisdiction of the California courts. The writs are denied, and the stay is vacated.

Brown (Gerald), P. J., and Cologne, J., concurred.

Petitioners' application for a hearing by the Supreme Court was denied February 23, 1984.