[No. A059017. First Dist., Div. Five. May 25, 1993.]

STACEY JAMSHID-NEGAD et al., Plaintiffs and Appellants, v. JOHN KESSLER et al., Defendants and Respondents.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II and III.

**COUNSEL**

Michael A. Levy and Jacqueline Hoeppner-Freitas for Plaintiffs and Appellants.

Gassett, Perry & Frank and Mary E. Wrightson for Defendants and Respondents.

**OPINION**

**KING, J.**—In this case we hold, in light of the Legislature's intent to protect California citizens from the wilful misconduct of minors by specifically

regulating parental supervision, that nonresident parents who send their minor child to obtain an education at a public institution cause a sufficient effect in California to enable its courts to exercise specific personal jurisdiction over them.

Stacey and Kambiz Jamshid-Negad appeal from an order granting the motion of John and Marilyn Kessler to quash service of summons for lack of personal jurisdiction.

On April 28, 1992, the Jamshid-Negads filed a complaint alleging that in the early morning hours of the preceding September 15, Eric Kessler, then a 17-year-old freshman at the University of California, Berkeley, had attempted to break into their apartment while intoxicated. Among numerous causes of action, the complaint alleged negligent supervision and imputed negligence liability (Civ. Code, § 1714.1) against Eric's parents, Drs. John and Marilyn Kessler.

On June 16, the Kesslers, who reside in Connecticut, filed a motion to quash service of summons for lack of personal jurisdiction (Code Civ. Proc., § 418.10, subd. (a)(1)). After a hearing on July 24, the trial court granted the motion.

I

■ "Under Code of Civil Procedure section 410.10, a California court may exercise jurisdiction over nonresidents on any basis not inconsistent with the United States or California Constitutions. This section manifests an intent to exercise the broadest possible jurisdiction, limited only by constitutional considerations." (*Sibley* v. *Superior Court* (1976) 16 Cal.3d 442, 445 [128 Cal.Rptr. 34, 546 P.2d 322].) ■ "[D]ue process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" (*Internat. Shoe Co.* v. *Washington* (1945) 326 U.S. 310, 316 [90 L.Ed. 95, 102, 66 S.Ct. 154].)

■ "Personal jurisdiction is commonly categorized as being either general or specific. Jurisdiction is said to be general when it will encompass any cause of action against the defendant, and is called specific when the particular cause of action arises out of or relates to the defendant's acts, ties, or connections to the forum state." (*Dunne* v. *State of Florida* (1992) 6 Cal.App.4th 1340, 1344 [8 Cal.Rptr.2d 483].) The Jamshid-Negads concede the Kesslers' contacts with California are insufficient for general jurisdiction.

██ "We test for specific jurisdiction by examining the relationships between this litigation, these defendants, and California." (*Dunne* v. *State of Florida*, *supra*, 6 Cal.App.4th at p. 1344.) "Thus, as the relationship of the defendant with the state seeking to exercise jurisdiction over him grows more tenuous, the scope of jurisdiction also retracts, and fairness is assured by limiting the circumstances under which the plaintiff can compel him to appear and defend." (*Cornelison* v. *Chaney* (1976) 16 Cal.3d 143, 148 [127 Cal.Rptr. 352, 545 P.2d 264], fn. omitted.) "One of the recognized bases for [specific or limited] jurisdiction in California arises when the defendant has caused an 'effect' in the state by an act or omission which occurs elsewhere." (*Sibley* v. *Superior Court, supra*, 16 Cal.3d at p. 445.) The Jamshid-Negads have limited their assertion of jurisdiction over the Kesslers to this basis.

"Merely causing an effect in California is not in and of itself sufficient to invoke jurisdiction." (*Farris* v. *Capt. J. B. Fronapfel Co.* (1986) 182 Cal.App.3d 982, 989 [227 Cal.Rptr. 619].) Rather, "the rule we apply is that where the effect giving rise to the tort is intentionally caused, jurisdiction is justified unless the nature of the effects and of the individual's relationship to the state make the exercise of such jurisdiction unreasonable (see *Hanson* v. *Denckla* (1958) 357 U.S. 235 . . . ; *McGee* v. *International Life Ins. Co.* (1957) 355 U.S. 220 . . .)." (*Schlussel* v. *Schlussel* (1983) 141 Cal.App.3d 194, 197 [190 Cal.Rptr. 95, 37 A.L.R.4th 846], parallel citations omitted.) "From *McGee* and *Hanson* we conclude that it is reasonable to exercise jurisdiction on the basis of the defendant intentionally causing 'effects in the state by an omission or act done elsewhere' whenever (a) the effects are of a nature 'that the State treats as exceptional and subjects to special regulation,' or (b) the defendant has, in connection with his causing such effects in the forum state, invoked 'the benefits and protections of its laws.' " (*Quattrone* v. *Superior Court* (1975) 44 Cal.App.3d 296, 306 [118 Cal.Rptr. 548].)[1]

The Jamshid-Negads allege that out-of-state acts which the Kesslers admitted in their declarations (acquiescing in Eric's decision to attend the University of California, and providing full financial support for his residence and matriculation here) resulted in the presence in California of their unsupervised minor child, and in his negligent and intentional wrongdoing as alleged in the complaint.

---

[1] In *Farris* v. *Capt. J. B. Fronapfel Co., supra*, 182 Cal.App.3d at page 989, the court misquoted *Quattrone*, changing "effects" to "acts" in part (a) of the test. This misquotation was then repeated in *Wolfe* v. *City of Alexandria* (1990) 217 Cal.App.3d 541, 548 [265 Cal.Rptr. 881]. As the *Quattrone* court stated, it is the effects caused in the state, not the out-of-state acts, which the state must treat as exceptional and subject to special regulation.

In their reply brief, the Jamshid-Negads concede it is "ridiculous" to claim the Kesslers intended the latter effect. Nor is there evidence their acts could reasonably have been expected to cause it (see *Quattrone* v. *Superior Court, supra,* 44 Cal.App.3d at p. 304). According to the Kesslers' declarations, Eric had completed his secondary education at a boarding school in Massachusetts, was a good student, a National Merit scholar, who had never had trouble with the police, drugs or alcohol, and had never engaged in a serious violent act in his life. Thus, they could not have foreseen the alleged incident would result from allowing him to attend an out-of-state university. In a footnote, the Jamshid-Negads observe that the Kesslers did not deny Eric had ever used drugs or committed acts of less than serious violence. Their complaint, however, is devoid of any suggestion that he had any known propensities in this regard. Thus the only effect intentionally caused in this state by the Kesslers' acquiescence in and financial support of Eric's decision to attend the University of California was his unsupervised presence here.

■ The Jamshid-Negads contend the state has treated "negligent failure to supervise a minor" as exceptional and subjected it to numerous special regulations, including most particularly Civil Code section 1714.1, which imputes civil liability for a minor's wilful misconduct to parents in custody and control. Although, as the trial court noted, this statute is "silent on jurisdiction," it constitutes "special regulation" to which the state subjects parental supervision of minors in order to protect its residents from their misconduct. As the court explained in *Robertson* v. *Wentz* (1986) 187 Cal.App.3d 1281, 1293 [232 Cal.Rptr. 634], the obvious purpose of Civil Code section 1714.1 is "to protect and compensate injured innocent third persons by expanding the common law scope of parental liability for willful acts of misconduct by children." (Fn. omitted.) In effect, section 1714.1 is comparable to the statute penalizing obscene phone calls in *Schlussel* v. *Schlussel, supra,* 141 Cal.App.3d at pages 196-198, and the statute subjecting foreign corporations to suit in California on insurance contracts with residents in *McGee* v. *International Life Ins. Co.* (1957) 355 U.S. 220, 221-223 [2 L.Ed.2d 223, 224-226, 78 S.Ct. 199]. In each instance, there is a statutory manifestation of the state's exceptional treatment of an effect caused in the state by an out-of-state act.

Additionally, the Kesslers have invoked the benefits and protections of California law in connection with their son's residency. By acquiescing in Eric's choice of university and paying his tuition, the Kesslers are taking advantage of the state's establishment of quality public higher education. This case is distinguishable from *Kulko* v. *California Superior Court* (1978)

436 U.S. 84, 94 [56 L.Ed.2d 132, 142, 98 S.Ct. 1690], where a father sent his 11-year-old daughter to California not "for the purpose of attending school," as the Kesslers would have it, but in order to live with her mother.

The Kesslers maintain that even if their contacts with the State of California are sufficient for the exercise of specific jurisdiction, we must also consider the convenience of the forum (*Wolfe* v. *City of Alexandria, supra,* 217 Cal.App.3d at p. 545). Specifically, we must balance the Kesslers' burden against the Jamshid-Negads' interest in obtaining relief and California's interest in adjudicating the dispute. (*Modlin* v. *Superior Court* (1986) 176 Cal.App.3d 1176, 1179 [222 Cal.Rptr. 662].)

The Kesslers claim California is an inconvenient forum because of the location of unspecified witnesses and evidence, and because of their busy professional lives. These factors do not outweigh the Jamshid-Negads' interest in obtaining relief they cannot recover from Eric, combined with the state's strong interest, embodied in Civil Code section 1714.1, in protecting California residents from injury by unsupervised minors. Given the damage caused in California to California citizens and the Kesslers' limited exposure, subjecting them to the jurisdiction of California's courts is neither unfair nor unreasonable.[2]

## II, III*

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

## IV

The matter is remanded to the trial court with directions to vacate the order granting the Kesslers' motion to quash and to proceed in accordance with this opinion.

Peterson, P. J., and Haning, J., concurred.

---

[2]We note that the Kesslers' obligation under Civil Code section 1714.1 is one imposed by law. We further note that the statute provides parental liability only for the minor's acts of wilful misconduct and limits their monetary liability to $10,000.

*See footnote, *ante,* page 1704.