Filed 9/29/17; Certified for Publication 10/30/17 (order attached)

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sacramento)

----

| | |
|---|---|
| MARLA GWEN HOGUE, | C083285 |
| Plaintiff and Appellant, | (Super. Ct. No. 16-DV-00352) |
| v. | |
| JERRY DEAN HOGUE, | |
| Defendant and Respondent. | |

Plaintiff Marla Gwen Hogue sought a restraining order under the Domestic Violence Prevention Act (Fam. Code, § 6200 et seq.) against her estranged husband, defendant Jerry Dean Hogue, in February 2016 after moving back to California from Georgia. In April 2016, defendant made a special appearance through counsel to move to

1

quash the action for lack of personal jurisdiction.[1]  (Code Civ. Proc., § 418.10, subd. (a)(1).)  The trial court granted the motion on April 27, 2016.  Never having been served with notice of entry of the order, plaintiff timely filed her notice of appeal on October 21, 2016.  (*Id.*, § 904.1, subd. (a)(3); Cal. Rules of Court, rule 8.104(a)(1)(C).)

On appeal, plaintiff contends California has jurisdiction over defendant because either his conduct comes within the "special regulation" basis for specific jurisdiction, or otherwise justified specific jurisdiction as a continuing course of conduct commencing in California and thereafter directed toward California after defendant left the state.  As we agree with the former premise (which plaintiff concedes obviates the latter argument), we shall vacate the order quashing service and remand for consideration of the merits of her petition.

**FACTUAL AND PROCEDURAL BACKGROUND**

Defendant filed a brief declaration in support of his motion to quash.  In opposing the motion, plaintiff relied on the allegations contained in her request for the restraining order.  Between the two of them, there is thin gruel on the issue of jurisdiction.

In short, defendant asserted that he (then) lived in Georgia and had not had any contacts with California for two years; "[t]here are no alleged activities that took place inside California."  Plaintiff had moved from Georgia to California shortly before filing a purported dissolution action and the present action.  Defendant was served in Georgia.

In her request for the restraining order, plaintiff sought protection on behalf of herself, her mother (with whom she was now living), and her two dogs (which defendant

---

[1]  Defendant, who now lists an address in South Carolina, is not represented on appeal and has not filed a respondent's brief.  We do not treat his failure to do so as a default or an admission that the trial court erred (*In re Marriage of Riddle* (2005) 125 Cal.App.4th 1075, 1078, fn. 1; Cal. Rules of Court, rule 8.220(a)(2)), but instead examine the record for prejudicial error on the basis of appellant's opening brief.

had also abused). (She asserted there were not any other cases pending between her and defendant.) The most recent incident of abuse was in mid-December 2015, when defendant heard her telling her mother over the phone about his 20-year history of domestic violence against her; he left her with a bump on her forehead and two black eyes. She was able to move (with her mother's help) back to California, where she and defendant had previously lived, about 10 days later. She contended that he had family in Sacramento with a criminal history.

In attachments to her petition, plaintiff also noted another incident earlier in December 2015 that left her with bruised ribs; an incident in November 2015 when he choked her almost into unconsciousness; an incident in October 2015 when he threatened to kill them both; and a history of being "pushed, kicked, punched, strangled, and raped" for the previous 20 years. After she left him, defendant pretended to shoot himself in the mouth with his shotgun during a video message to her on social media in late December 2015.

Although unsupported with any *evidence*, plaintiff's counsel asserted in her points and authorities in response to defendant's motion to quash service of process for lack of personal jurisdiction that the parties had been life-long residents of California before their 1996 marriage, and continued to reside in California until the move to Georgia at the beginning of 2015; counsel for defendant did not contest these representations. Plaintiff's counsel also attached a printout as a purported example of one day's worth of what counsel termed "systematic" Internet contacts between defendant and plaintiff, which counsel characterized as being "abusive" or "threatening" (although our review of this particular sample would not appear to warrant those labels).

The trial court's minute order states the motion to quash was granted "based on its finding that the court lacks personal jurisdiction over [defendant]." It did not expressly resolve plaintiff's claim of ongoing abuse in California before the Georgia move, or make

any express reference to Internet contacts between the parties after plaintiff returned to California. However, the court had noted at the hearing that such Internet conduct (other than the simulated suicide video) was *not* alleged as a basis for the petition; in this vein, it mused that *if* such allegations were "the gravamen of [an] allegation of domestic violence . . . , I think that [might] justify personal jurisdiction, but that's not . . . what the basis for the request [at issue] is. The basis for the request is conduct . . . in October . . . and then in December [of] last year."

## DISCUSSION

On undisputed facts, the issue of personal jurisdiction is a question of law subject to our de novo review; if there is a conflict in the evidence, we accept express or implicit factual resolutions of the trial court with substantial evidence in support. (*HealthMarkets, Inc. v. Superior Court* (2009) 171 Cal.App.4th 1160, 1168 (*HealthMarkets*).)

It is the plaintiff's burden to allege the facts in a *verified* submission on which to premise personal jurisdiction. Upon a sufficient showing, the burden then switches to the defendant to show that the exercise of jurisdiction would nonetheless be unreasonable. (*HealthMarkets*, *supra*, 171 Cal.App.4th at pp. 1167-1168; *Magnecomp Corp. v. Athene Co.* (1989) 209 Cal.App.3d 526, 533; *Sheard v. Superior Court* (1974) 40 Cal.App.3d 207, 212.)

The flaw in plaintiff's briefing is presupposing that spousal abuse on defendant's part while the parties were physically present in California before their move to Georgia is properly part of her jurisdictional showing. Defendant denied that this occurred, and the trial court never adverted to it. Under these circumstances, we must presume that the trial court made an implicit resolution in favor of defendant, whose denial under penalty of perjury is substantial evidence in support. Therefore, to the extent this premise is the lynchpin of plaintiff's contentions, they collapse.

4

As for the Internet communications between the parties, the request for the restraining order contains only plaintiff's description under penalty of perjury regarding the staged video suicide attempt. Indeed, the trial court expressly noted that the request's "allegations of domestic violence and abuse do not include the e-mails. In other words, the e-mails were not [a] precipitating factor in [the] request for [a] domestic violence restraining order." Trial counsel's attachment to the opposition points and authorities of an unverified and unauthenticated printout of an e-mail message chain lacking any context[2] (which appears to have been initiated as the result of an earlier communication *from* plaintiff) is not *evidence* of systemic abusive and threatening Internet messages. Thus, plaintiff's reliance in her jurisdictional arguments in this court on this unalleged and factually unsupported basis is unavailing.

As a result, we are left only with acts of spousal abuse physically occurring in Georgia, and the video message (which defendant did not deny) as the basis for personal jurisdiction. We therefore evaluate plaintiff's arguments on this limited factual basis.[3]

The boundary of the jurisdiction of our courts over nonresident defendants is the constitutional right to due process. (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444.) Under this constitutional protection, defendants have a liberty interest against being subject to judgments in a forum where they do not have "minimum

---

[2] Simply describing the attachment as "true and correct" in the course of the opposition points and authorities is manifestly inadequate. Although trial counsel made an offer of proof at the hearing, this was limited to evidence regarding whether defendant had established a domicile in Georgia that superseded his California domicile, and did not involve the nature of the other Internet communications.

[3] We have allowed a number of amici curiae to file a collective brief in support of plaintiff. Their brief suffers the same shortcomings with respect to the factual premises of its arguments, and otherwise does not persuade us to reach beyond the issues as plaintiff has framed them. (*City of Brentwood v. Campbell* (2015) 237 Cal.App.4th 488, 493, fn. 6.)

contacts" that are more than random, fortuitous, or attenuated. (*Id*. at pp. 444-445.) A defendant with substantial systematic contacts with California is *generally* subject to the jurisdiction of our courts without regard to the nature of the issue in controversy (*id*. at p. 445); plaintiff does not contend defendant comes within this doctrine. A defendant may also be subject to the *specific* jurisdiction of our courts if the controversy at issue arises out of sufficient purposeful contacts with California. (*Id*. at p. 446; accord, *Burger King Corp. v. Rudzewicz* (1985) 471 U.S. 462, 472-475 [85 L.Ed.2d 528]; *HealthMarkets*, *supra*, 171 Cal.App.4th at p. 1173.)

Plaintiff invokes a species of specific jurisdiction in which a defendant acting elsewhere causes effects in California of a nature that are " 'exceptional' " and subject to " 'special regulation' " in this state. (*Quattrone v. Superior Court* (1975) 44 Cal.App.3d 296, 306 [inducing issuance of stock from California corporation subject to the special regulations of California security law]; see *Sibley v. Superior Court* (1976) 16 Cal.3d 442, 445-446; cf. *Pavlovich v. Superior Court* (2002) 29 Cal.4th 262, 272-273 & fn. 3 (*Pavlovich*) [emphasizing that specially regulated conduct must nonetheless be targeted at this state].) Although plaintiff did not invoke this particular theory in the trial court, it is a question of law arising from the allegations in her pleading in this matter, which is appropriate for us to consider in the first instance on appeal. (Cf. *Connerly v. State of California* (2014) 229 Cal.App.4th 457, 463-464 [may raise new legal theory on appeal in appeal from demurrer].)

The very existence of the Domestic Violence Protection Act bespeaks California's concern with an exceptional type of conduct that it subjects to special regulation. As in *Schlussel v. Schlussel* (1983) 141 Cal.App.3d 194, where a defendant placed harassing phone calls to a California resident, the existence of statutory protection from the conduct at issue (there, a criminal statute) was sufficient to exercise jurisdiction over the defendant because it was not any different "than shooting a gun into the state" (*id*. at

6

p. 198; cf. *Kearney v. Salomon Smith Barney, Inc.* (2006) 39 Cal.4th 95, 120 & fn. 12 [may apply California privacy statute to nonresident party taping phone call without consent, citing *Schlussel* with approval]). The act of purposefully *sending* a video of a mock suicide *to* plaintiff in California (particularly in the context of alleged domestic violence taking place in Georgia) is indisputably conduct that would disturb plaintiff's peace of mind within the meaning of the act and be the basis for granting a restraining order. (*In re Marriage of Nadkarni* (2009) 173 Cal.App.4th 1483, 1498-1499; accord, *Sabato v. Brooks* (2015) 242 Cal.App.4th 715, 725 [sufficient that contacts are unwanted even in absence of threats of violence against the plaintiff].) As a result, this was sufficient to vest personal jurisdiction in the courts of this state over defendant to enjoin any further such conduct. (Cf. *Pavlovich*, *supra*, 29 Cal.4th at p. 274 [merely passively posting information on Web site accessible from this state is insufficient contact].)

The record is devoid of any evidence that the exercise of personal jurisdiction over defendant would be unreasonable. He did not have any apparent difficulty in engaging the services of counsel to appear in opposition to the request for a restraining order (*Hall v. LaRonde* (1997) 56 Cal.App.4th 1342, 1348), nor would it seem to be an injustice to grant a restraining order against a party eschewing any further contact with this state. We thus vacate the order quashing service on defendant and remand for further proceedings on the merits.

## DISPOSITION

The order quashing service is vacated and the matter remanded to the trial court for further proceedings on the merits of the request for a domestic violence restraining order.  Plaintiff shall recover costs of appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)


                                                            BUTZ              , J.


We concur:


ROBIE              , Acting P. J.


DUARTE            , J.

Filed 10/30/17

**CERTIFIED FOR PUBLICATION**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sacramento)

----

| | |
|---|---|
| MARLA GWEN HOGUE, | C083285 |
| Plaintiff and Appellant, | (Super. Ct. No. 16-DV-00352) |
| v. | ORDER CERTIFYING OPINION FOR PUBLICATION |
| JERRY DEAN HOGUE, | |
| Defendant and Respondent. | [NO CHANGE IN JUDGMENT] |

APPEAL from a judgment of the Superior Court of Sacramento County, Danny L. Haukedalen, Commissioner. Reversed.

Lieff Cabraser Heimann & Bernstein, LLP, Kelly M. Dermody and Yaman Salahi; Family Violence Appellate Project, Shohrah Shuray Ghorishi, Erin C. Smith, Nancy K. D. Lemon, Jennafer Dorfman Wagner and Eliza J. Duggan for Plaintiff and Appellant.

Milbank, Tweed, Hadley & McCloy LLP, Mark Shinderman, Ashlee N. Lin, Byron Chan and Ayana Sumiyasu as Amici Curiae on behalf of University of Oregon School of Law Domestic Violence Clinic for Plaintiff and Appellant.

No appearance by Defendant and Respondent.

1

THE COURT:

The opinion in the above entitled matter filed on September 29, 2017, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in full in the Official Reports and it is so ordered. There is no change in judgment. (**CERTIFIED FOR PUBLICATION.**)

FOR THE COURT:

            ROBIE            , Acting P. J.

            BUTZ            , J.

            DUARTE            , J.