Filed 2/9/21  Marriage of Martinez and Martinez-Chavez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of REINA MARTINEZ and ARTURO MARTINEZ-CHAVEZ. | |
| REINA MARTINEZ, Appellant, v. ARTURO MARTINEZ-CHAVEZ, Respondent. | F078882 (Super. Ct. No. VFL266035) **OPINION** |

APPEAL from an order of the Superior Court of Tulare County.  Tara K. James, Judge.

Reina Martinez, in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

-ooOoo-

Appellant brought this appeal to challenge a temporary custody and visitation order made by the trial court after a December 19, 2018 hearing.  Temporary custody orders are not appealable.  Appellant recognizes the appealability issue and requests this court to exercise its discretionary authority and treat the appeal as a petition for writ of mandate.  As explained below, we decline to exercise that authority.

We therefore dismiss the appeal.

# BACKGROUND

Appellant Reina Martinez and respondent Arturo Martinez-Chavez (Father) were married in June 2007 and separated in March 2016. They have a daughter, who was born in July 2012.

In July 2016, appellant filed a request for domestic violence restraining order against Father. The next day, the trial court issued a temporary restraining order that included personal conduct orders and stay-away orders. A week after seeking the restraining order, appellant filed a petition for dissolution of marriage.

*First Custody Order*

In August 2016, the trial court held a hearing addressing child custody and visitation. The court adopted the recommendation of the "Child Custody Recommending Counselor," granting the parents joint legal custody and appellant physical custody of the child. Father was allowed supervised visits.

After continuances, a hearing on the request for restraining order and child custody was held on November 21, 2016. The trial court received and considered a mental health assessment of Father and heard testimony from both parties, who represented themselves during the proceeding. The court let the temporary restraining order expire and denied appellant's request for a domestic violence restraining order due to insufficient evidence. The court ordered that the parties would have joint legal custody, with neither parent having greater decision-making authority with regard to decisions involving the child's health, education and welfare. Primary physical custody was awarded appellant and a visitation schedule was established for Father.

*Custody Awarded Father*

On January 25, 2017, the trial court issued a temporary child custody order granting Father legal and physical custody of the child, pending a hearing that was scheduled in April 2017. The court also authorized appellant to have supervised visits at the CHAT House.

2.

On February 7, 2017, appellant filed another request for domestic violence restraining order against Father. In that request, appellant asked for an order giving her sole legal guardianship and custody of their daughter. Appellant's request for a temporary restraining order was denied pending a hearing. The matter was continued to April 3, 2017.

At the April 3, 2017 hearing, both parties appeared and represented themselves. Near the beginning of the hearing, the court noted it had received the mental health assessment conducted on appellant by the Tulare County Health and Human Services Agency. The court read the report into the record. The court stated that, in accordance with Family Code section 3011, subdivision (a), it was required to consider the health, safety and welfare of the child when there are allegations of abuse. The court referred to possible independent corroboration of abuse allegations and stated it was "specifically noting that an investigation into the allegations was ordered by me and[,] as a result of that investigation, there is no substantial independent corroboration of the abuse allegations by any of those agencies." After hearing from the parties, the court stated it intended to adopt the recommendation contained in the counselor's report of the limited investigation. As a result, the previous custody and visitation orders remained in effect and Father continued with sole legal and sole physical custody of the child, with mother having supervised visits at the CHAT House.

After the hearing, the trial court issued written findings and an order stating the awards of custody and visitation, denying appellant's request for a domestic violence restraining order against Father, directing the parties to file any supplemental declarations 10 days before the next hearing, and directing appellant's therapist to provide a progress report to the court. The court scheduled a review hearing for six and a half months later.

Prior to the scheduled review hearing, appellant filed a request for emergency orders, which the court heard on August 31, 2017. Appellant requested that she be given temporary physical custody and control of the child. The court found there was no

emergency as defined in Family Code section 3064, denied the request, stated the prior orders would remain in full force and effect, and advanced the date of the review hearing to September 27, 2017.

On September 27, 2017, the trial court held the review hearing addressing child custody and visitation. The court's findings and order from that hearing kept physical and legal custody of the child with Father and allowed appellant CHAT House visits based on the availability of the parties. The order also directed appellant to re-enroll in and participate in individual counseling.

On December 14, 2017, appellant filed a request for a change in the child custody orders. Appellant again requested an order giving her legal and physical custody of the child. On February 15, 2018, a hearing was held on appellant's request. Father represented himself and appellant appeared with an attorney. At the end of that hearing, the trial court issued an order scheduling a contested hearing and case management conference for April 30, 2018.

On April 30, 2018, appellant appeared at the hearing with counsel and Father appeared on his own behalf. The court ordered that all hearings would be held as part of a case management conference in the dissolution proceeding set for July 9, 2018. Subsequently, that date was continued to August 27, 2018. At the August case management conference, both parties appeared and represented themselves. A trial was scheduled for December 2018.

In December 2018, the parties attended a mediation and reached no agreement. On December 19, 2018, a trial was begun on the issues of custody and visitation. During the contested hearing, appellant raised issues about the dental and medical care Father was providing the child. Father responded to those and other issues. At the end of the hearing, the trial court ordered that Father have sole legal and physical custody of the child and that appellant's visitation at the CHAT house would remain in place. The court continued the hearing to April 22, 2019.

On February 14, 2019, appellant filed a notice of appeal challenging the order entered on December 19, 2018. She filed her appellant's opening brief in November 2019. Father did not file a respondent's brief.[1]

*Petition for Writ*

In October 2019, appellant filed a petition for extraordinary writ with this court to challenge the January 25, 2017 order that originally gave Father custody of the child and the many subsequent denials of appellant's attempts to have that custody order modified. The writ petition was assigned case No. F080070. On October 16, 2019, this court filed an order denying the petition for writ of mandate.

## DISCUSSION

I.    NONAPPEALABE ORDER

A.    Trial Court's Order

At the end of the December 19, 2018 hearing, the trial court stated: "All right. So we have come to the end of the time that we have available for the contested hearing today. [¶] I'm going to order that father have sole legal and sole physical custody. Mother's visitation at the CHAT House will remain in place. [¶] We will have to continue these issues to the next date that we have available." The clerk's minutes from that day state: "Current orders remain in full force and effect."

The trial court continued the hearing until the afternoon of April 22, 2019. In response to a question about pending issues, the court stated: "We do have a number of issues still to get through. We have to finish the custody and visitation issues. We have child support. We have property issues. We have spousal support. We will get through

---

**1**    The failure to file a respondent's brief is not treated as a default or a concession that the trial court erred; instead, appellate courts must examine the record and points raised in the opening brief to determine if a prejudicial (i.e., reversible) error occurred. (*Hogue v. Hogue* (2017) 16 Cal.App.5th 833, 835, fn. 1; see Cal. Rules of Court, rule 8.220(a)(2).)

all of that. It's my hope that we will be able to get that accomplished at the next hearing."

B.       Legal Principles

Final determinations of child custody are appealable as final judgments under Code of Civil Procedure section 904.1, subdivision (a)(1). (*Enrique M. v. Angelina V.* (2004) 121 Cal.App.4th 1371, 1377–1378.) In contrast, a temporary custody order is not appealable. (*Lester v. Lennane* (2000) 84 Cal.App.4th 536, 559–560.) Instead, it is regarded as an interlocutory order and is not among the few such orders made appealable by statute. (See Code Civ. Proc., § 904.1, subd. (a)(1)(A).)

Generally, "a reviewing court is 'without jurisdiction to consider an appeal from a nonappealable order, and has the duty to dismiss such an appeal upon its own motion.' " (*In re Mario C.* (2004) 124 Cal.App.4th 1303, 1307.) Application of this legal principle would require this court to dismiss this appeal.

II.      REQUEST FOR WRIT OF MANDATE

A.       Contentions

Appellant contends an exception to the general rule requiring the dismissal of appeals from a nonappealable order should be applied in this case. She refers to an appellate court's discretionary authority to treat a defective appeal as a petition for writ of mandate. (See *Olson v. Cory* (1983) 35 Cal.3d 390, 401 ["the power to treat a purported appeal as a petition for writ of mandate ... should not [be] exercise[d] ... except under unusual circumstances"].) This court is well aware of this exception, having stated that "in unusual circumstances, a writ of mandate may issue where the [trial] court exercised its discretion and that discretion reasonably could be exercised in only one way." (*City of Hanford v. Superior Court* (1989) 208 Cal.App.3d 580, 586.)

Appellant contends extraordinary circumstances exist in this case because her child is an infant, has special needs, and the child's safety is at risk. Appellant contends

that the trial court abused its discretion by failing to consider several of the statutory factors used to determine the best interest of the child. (See Fam. Code, § 3011, subd. (a)(1) through (5).) Appellant urges this court to issue a writ of mandate directing the trial court "to make a new custody and visitation determination based on the requisite factors."

B.      Analysis

We decline to exercise our discretionary authority for two reasons. First, the order being challenged was made on December 19, 2018. Over two years have passed and it is extremely probable that the December 19, 2018 order has been superseded by subsequent orders of the trial court.

Second, a writ of mandate directing the trial court to make a new custody and visitation determination based on the factors in Family Code section 3011, subdivision (a), would have little practical effect. Such a writ would simply advise the trial court of applicable law. Such an advisement seems unnecessary in this case because the record demonstrates that the trial judge who made the December 19, 2018 order is aware of the role a child's best interests plays in deciding custody and visitation issues.

For instance, at the April 3, 2017 hearing, the court stated: "I do not find that it is in [the child's] best interests to be placed with [appellant]." Earlier during that hearing, the court cited Family Code section 3011—the statute that sets forth a nonexclusive list of factors to be considering when "making a determination of the best interests of the child"—and stated it was required to consider the health, safety and welfare of the child. (Fam. Code, § 3011, subd. (a).)

Appellant argues the court failed to consider the factors in Family Code section 3011 by asserting: "No mention is made of the issues of abuse or the health, safety and welfare of the child. Because the court failed to do so, it abused its discretion (*cf. In re Marriage of Cheriton* (2001) 92 Cal.App.4th 269, 302–303, 304 [a 'court does not have

7.

discretion to ignore any relevant circumstance enumerated in the statute']).'' We recognize that a trial court's failure to consider evidence may constitute an abuse of discretion. (E.g., *Ritchie v. Konrad* (2004) 115 Cal.App.4th 1275, 1282 [trial court "should have considered evidence tendered by both sides"].)[2] While such error is easy to raise, it is difficult for an appellant to demonstrate a court did not consider (i.e., weigh) the evidence in reaching its decision. This difficulty arises from the "fundamental principle of appellate procedure that a trial court [order or] judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) Under this principle, all presumptions are indulged to support the trial court order or judgment "on matters as to which the record is silent, and error must be affirmatively shown." (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) This presumption of correctness and the allocation of the burden to the appellant is part of the constitutional doctrine of reversible error. (*Ibid.*; see Cal. Const., art. VI, § 13.) Here, unlike the appellant in *Ritchie*, appellant has not affirmatively demonstrated the trial court did not consider relevant evidence relating to the statutory factors. We have located nothing in the statements made by the court during the December 19, 2018 hearing suggesting the court did not weigh the statutory factors used in determining the best interests of the child.

Based on the foregoing, we conclude unusual or extraordinary circumstances do not exist in this case. Therefore, we will not exercise our discretionary authority and treat this appeal as a petition for writ of mandate.

---

[2]     In this context, we conclude the word "consider" refers to the mental process of weighing of evidence. Thus, the failure to consider evidence is distinguishable from a *refusal to hear or admit* evidence. (*Gonzales v. Interinsurance Exchange* (1978) 84 Cal.App.3d 58, 63.)

**DISPOSITION**

The appeal from the December 19, 2018 child custody and visitation order is dismissed. The parties shall bear their own costs on appeal.


                                                  FRANSON, Acting P.J.

WE CONCUR:


SMITH, J.


SNAUFFER, J.